[611 NYS2d 77]

In the Matter of SALVATORE M. LATONA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 15, 1994

### APPEARANCES OF COUNSEL

*Roderick Quebral,* Buffalo, for petitioner.

*Salvatore R. Martoche,* Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on September 15, 1971 and maintains an office for the practice of law in the Town of Amherst. By petition dated March 29, 1993, the Grievance Committee of the Eighth Judicial District charged respondent with violating various provisions of the

Code of Professional Responsibility. The charges arose from respondent's relationships with two of his clients.

The first charge alleges that respondent accepted a loan of $50,000 from a client. When respondent was unable to repay the loan, respondent and the client agreed to consider the loan as payment for legal services rendered by respondent during 1990. Respondent agreed, however, to back-date an invoice for legal services so that the client could use it as a deduction on his 1989 Federal income tax return.

We conclude that, by that conduct, respondent violated DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misconduct; DR 7-102 (A) (7) (22 NYCRR 1200.33 [a] [7]), a lawyer shall not counsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent; DR 5-104 (A) (22 NYCRR 1200.23 [a]), a lawyer shall not enter into a business transaction with a client if they have differing interests and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure; and DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]), a lawyer shall not engage in any other conduct that reflects on the lawyer's fitness to practice law.

Respondent was further charged with professional misconduct for his handling of the trust account of another client, with whom respondent also had a business relationship for over 20 years. That client declined to cooperate in the investigation and does not claim that respondent misappropriated any funds from the account. The record establishes that respondent failed to maintain proper records of the trust account activity and that he wrote several checks on the account payable to "Cash".

We conclude that, by writing checks on the account payable to "Cash" and by failing to maintain adequate account records, respondent violated DR 1-102 (A) (7) and DR 9-102 (B) through (D) (22 NYCRR 1200.3 [a] [7]; 1200.46 [b]-[d]).

Respondent admits his wrongdoing and has expressed deep remorse for his actions. We conclude, after considering the mitigating circumstances, that respondent should be suspended from the practice of law for a period of one year and until further order of this Court.

PINE, J. P., BALIO, LAWTON, DAVIS and BOEHM, JJ., concur.

Order of suspension entered.